| | |
|---|---|
| **IN RE: LAWRENCE I IWUAMADI,** <br> **and CHINYERE A. IWUAMADI,** <br> **Debtors** | Case Number: 12-73546-FJS <br> Chapter 11 |

**LAWRENCE I IWUAMADI,**
**and CHINYERE A. IWUAMADI,**

                             **Plaintiff(s),**

**v.**                                                      **APN:**

**The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trustee 2006-OA16, Mortgage Pass-through Certificates Series 2006-OA16, and**
**BANK OF AMERICA, N.A., C/O GLASSER & GLASSER**
**and**
**RECONTRUST COMPANY & ALG, TRUSTEE, LLC, TRUSTEE**

**ETRADE BANK and**
**SPECIALIZED LOAN SERVICING, LLC**
**and,**
**CHARLES D. PITMAN, JR., P.C. TRUSTEE,**

                             **Defendant(s).**

### COMPLAINT TO AVOID JUNIOR SECURITY INTERESTS IN REAL PROPERTY (1733 Live Oak Trail) AND RECORD QUICKCLAIM DEED

      **COMES NOW** Plaintiffs, Lawrence Iwuamadi and Chinyere A. Iwuamadi (hereafter "Debtor(s)"), by and through counsel, and for their Complaint to Avoid Security Interest in Real Property, known commonly as 1733 Live Oak Trail, Virginia Beach, Virginia, states the following, to wit;

      1. Debtors bring this complaint pursuant to 11 U.S.C. §506 and jurisdiction of this Court is obtained through Fed. R. Bankr. P. §7001 and §7004. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) & (K).

W. Greer McCreedy, II, VSB No. 27681
The McCreedy Law Group
413 York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-6771
Counsel for the Debtor(s)

2. Debtors filed a Voluntary Chapter 11 case with this Court on or about July 20, 2012 and filed their proposed plan on or about October 6, 2011 and a Proposed Plan was filed on or about September 9, 2013. The plan has not been confirmed.

3. The Debtors are Debtors in Possession, and no trustee has been appointed.

4. The Debtors are the obligors on two (2) separate mortgages on this primary residence property located at 1733 Live Oak Trail, Virginia Beach, Virginia, with the balances and priorities as follows:

a. First Priority Deed of Trust for the benefit of Bank of America and Bank of New York Mellon with a balance due and owing of $ **838,579.24** according to their proof of claim numbered 25-1. Said Deed of Trust was recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach as Instrument No. 20060710001038260 and a corrected Deed of Trust recorded as Instrument No. 20110830000898310 according to the proof of claim numbered 25-1 filed by Bank of America. Bank of America and The Bank of New York Mellon are both active FDIC insured Banks; and

b. Recontrust Company & ALG, Trustee, LLC serves as Trustee under the Deed of Trust referenced above.

c. Second Priority Credit Line Deed of Trust for the benefit of Etrade Bank, which it is believed is being serviced by Specialized Loan Servicing LLC. Said Deed of Trust was recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach as Instrument No. 20060710001038270 with a balance due and owing of $**159,200.66** according to the proof of claim numbered 28-1 filed by Specialized Loan Servicing LLC. Upon information and belief,

W. Greer McCreedy, II, VSB No. 27681
The McCreedy Law Group
413 York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile:  (757) 233-6771
Counsel for the Debtor(s)

ETrade Bank is an active FDIC Insured Bank and Specialized Loan Servicing is not active FDIC insured Bank.  The note is endorsed in blank by CountryWide Home Loans. Inc. and constitutes bearer paper.

    d. The legal description attached to the Second Priority Credit Line Deed of Trust is inaccurate and appears to describe a different parcel in a different subdivision.

    e. Charles D. Pitman, Jr., PC serves as Trustee under the Etrade Bank Deed of Trust referenced above and no Substitution of Trustee has been filed of record as of November 28, 2012.

    5.   The City of Virginia Beach Tax assessment for the property is $748,000.00.

    6.  The property was appraised by Lawrence D. Kesser, a certified appraiser, of Swift Appraisal Services, on November 24, 2012 for **$750,000.00**, Appraisal attached as Exhibit "A".

    **7**.  The second priority lien is wholly unsecured because no equity exists over the value of the senior first priority lien.

    8.  The subject property must be worth in excess of **$838,579.24,** the value of the first lien, plus accrued interest and charges for the junior lienor/Defendant to have any security interest in the property pursuant to 11 USC § 506.

    9.  The Debtors are entitled to avoid any liens junior to the First Priority  lien  of HFC under the provisions of 11 U.S.C. §506, as the Defendant's liens are not "allowed secured claim[s]" as defined by the Code and applicable case law, including <u>In re Williams</u>, 166 B.R. 615, 618 (Bankr. E.D. Va. 1994); <u>Wright v. Commercial Credit Corp.</u>**,** 178 B.R. 703, 707 (E.D. Va. 1995);and <u>Johnson v. Asset Management Group, LLC</u>, 226 B.R. 364 (D. Md. 1998).

W. Greer McCreedy, II, VSB No. 27681
The McCreedy Law Group
413 York Street
Norfolk, Virginia 23510
Telephone:  (757) 233-0045
Facsimile:  (757) 233-6771
Counsel for the Debtor(s)

10. Therefore, Defendant's claim secured by the second priority lien should be treated as an unsecured claim and paid pursuant to the Debtors' Chapter 13 Plan of Reorganization or any modification thereto.

### TITLE ISSUE

11. In addition to the incorrect legal description noted in paragraph 4d above, the property is currently titled in the name of a trust which does not exist.

12. The property was acquired in the name of the Debtors by Deed recorded as instrument No. 2006710001038250 on or about July 10, 2006, all deeds of trust reflect the debtors as Trustors.

13. The Debtors subsequently transferred title to Live Oak Trail Holdings Trust #1733 upon the advice of Gloria Ryser.

14. Although the plan prepared by Gloria Ryser was to create separate trusts for each parcel of real estate owned by the Iwuamadis, the trust was never created.

15. The Iwuamadis subsequently lost confidence in the advice provided by Ryser and attempted to reconvey the property, however, such attempts were insufficient as a matter of law.

16. The Debtors have now recorded fictitious name certificates to confirm their identity as owners and seek the Courts authority to record a Quick Claim Deed reconveying the property into their names, as tenants in the entirety with right of survivorship as at common law as the debtors acquired the property titled as indicated and all secured creditors extended credit so titled, Debtors assert that the recording of the deed will serve only to clarify title and is in the best interest of the Debtors and the estate.

W. Greer McCreedy, II, VSB No. 27681
The McCreedy Law Group
413 York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-6771
Counsel for the Debtor(s)

WHEREFORE, the Debtors pray that this Court find that;

i) service upon the junior secured lien holder was proper

ii) that the lien of the Deed of Trust recorded as Instrument No. 20060710001038270 may be avoided; and

iii) that the Debtors be granted leave of court to reconvey title by Quick Claim Deed into the Debtors' names; and

iv) that upon completion of the Debtors' Chapter 11 Plan of Reorganization the subject lien be released of record and for such other relief as this Court deems equitable and just.

                                       **LAWRENCE I IWUAMADI,**
                                       **and CHINYERE A. IWUAMADI,**

                             By: /s/ W. Greer McCreedy, II_____
                                         Counsel

Dated: November 14, 2013

W. Greer McCreedy, II, VSB No. 27681
The McCreedy Law Group
413 York Street
Norfolk, Virginia 23510
Telephone: (757) 233-0045
Facsimile: (757) 233-6771
Counsel for the Debtor(s)